**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES WASHINGTON,

                Petitioner - Appellant,

   v.

DERRICK L. OLLISON,

                Respondent - Appellee.

No. 09-17596

D.C. No. 3:06-cv-04490-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted February 14, 2011[**]
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and BENNETT, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Mark W. Bennett, District Judge for the U.S. District
Court for Northern Iowa, Sioux City, sitting by designation.

James Washington, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of firearm possession by a felon. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

I

Washington alleges that he was denied a fair trial because the state trial court failed to *sua sponte* instruct the jury on his intent to exercise control over the firearm. To prevail on this claim on federal habeas review, Washington must show that the challenged instruction "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire,* 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). Because Washington's alleged error is the failure to give an instruction, he faces an "especially heavy" burden. *Hendricks v. Vasquez*, 974 F.2d 1099, 1106 (9th Cir. 1992) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)).

In this case, the California Court of Appeal noted "the fact that the jury *was* instructed as to the elements of intent, possession, control, and knowledge," and that the "instructions as given . . . stressed that [Washington] must have knowingly exercised control over the firearm." *People v. Washington*, No. 134330, at *22 (Cal. Ct. App. filed July 28, 2003). Accordingly, as the district court properly

2

held, "Washington has not shown that any instructional error was committed, let alone that any such error so infected the trial that the resulting conviction violated due process." *Washington v. Ollison*, No. C 06-4490, at *19 (N.D. Cal. filed Sept. 23, 2009).

## II

Washington alleges that statements made by the prosecutor compounded the error in the jury instructions by planting in the jury's mind "the improper concept that Washington's awareness of the gun equaled possession, even without control or intent to control." However, given that there was no instructional error, this claim fails.

Washington also argues that his trial counsel was ineffective for failing to request additional jury instructions and for failing to object to the prosecutor's allegedly inaccurate and prejudicial statements. Given that there was no instructional error or prosecutorial misconduct, trial counsel did not act unreasonably in failing to object. Because the record refutes the applicant's factual allegations of instructional error or prosecutorial misconduct, an evidentiary hearing is not required to determine whether trial counsel acted unreasonably. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).

The district court properly granted denied the petition.

3

**AFFIRMED.**